FILED

MAY 03 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| RACHEL J. FAULK, | No. 4-05-bk-02135-JMM |
| Debtor. | Adversary No. 4-05-ap-00134-JMM |
| RACHEL J. FAULK, | **MEMORANDUM DECISION** |
| Plaintiff, | (Opinion to Post) |
| vs. | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | |
| Defendant. | |

The trial in this adversary proceeding was held on April 24, 2006. The Debtor/Plaintiff was represented by Jonathan M. Saffer, Ryan Kretschmer and David Hindman; Defendant was represented by Madeleine C. Wanslee, Raul Abad, and Peter Collins. After considering the testimony, evidence, and applicable law, the court now rules. Its findings of fact and conclusions of law are set forth herein. FED. R. BANK. P. 7052. A separate judgment will issue. FED. R. BANK. P. 9021.

h:\wp\orders\

## I. JURISDICTION

This proceeding is a "core" matter over which this court has jurisdiction. 28 U.S.C. §§ 1334; 157(b)(2)(I). This case requires a determination of whether a student loan is dischargeable pursuant to 11 U.S.C. § 523(a)(8).

## II. ISSUE

Whether Debtor qualifies for an undue hardship discharge of the claims of ECMC for its federally insured student loans, pursuant to 11 U.S.C. § 523(a)(8).

## III. FACTS

### A. Stipulated Facts

The facts which the parties agree are uncontested and material are:

1. The debtor, Rachel J. Faulk, has executed Promissory Notes under which disbursements in the principal amount and interest rates stated were made:

| # | LoanType | Amt Disbursed | Date Disbursed | Int Rate | Total Owed 4/20/06 |
|---|----------|---------------|----------------|----------|--------------------|
| 1 | CNSL | $8,772.26 | 09/10/99 | 7.62% | $12,828.84 |
| 2 | CNSL | $19,269.27 | 09/10/99 | 7.62% | $28,180.04 |

2. Ms. Faulk's obligations under the Promissory Notes are for an educational benefit, overpayment or loans made, insured or guaranteed by a governmental unit, or made under a program

Case 4:05-ap-00134-JMM    Doc 43    Filed 05/03/06    Entered 05/03/06 15:19:54    Desc
Main Document    Page 2 of 8

funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend.

3. Ms. Faulk graduated from the University of Arizona with a degree in Molecular and Cellular Biology in December of 1998.

4. Ms. Faulk has not been gainfully employed since December of 2002.

5. Ms. Faulk made a total of 16 requests for forbearance and received a total of 44 months of forbearances from Sallie Mae before the Notes were transferred to Defendant ECMC.

6. Between December of 1999 and August of 2000 Ms. Faulk made payments to Sallie Mae on these loans totaling $3,760.44. No payments have been made to ECMC.

7. Ms. Faulk is currently 33 years of age, divorced, and has an 11-year old minor daughter for whom she provides support.

8. Ms. Faulk has been attending Pima Community College on a part-time basis since Fall 2005 studying sign language.

9. ECMC, as the successor-in-interest to the original lender, is the present holder of the Notes, and is the Defendant in this adversary proceeding. ECMC stands in the place and stead of the original guarantor.

10. The Notes evidence a loan made for educational purposes.

11. The loans were made under a program funded by a governmental unit.

B. **Additional Facts Found by the Court**

The Debtor and her daughter currently live with Debtor's mother. The Debtor has income from Aid to Dependent Children ($275 per month), food stamps ($275 per month), and Social Security disability ($402 per month). In addition, she received a lump sum payment from Social Security of $7,200, and expects another $2,000 shortly from the same source.

Case 4:05-ap-00134-JMM    Doc 43    Filed 05/03/06    Entered 05/03/06 15:19:54    Desc
Main Document    Page 3 of 8

Although the Debtor suffers from a chronic bladder infection, as well as lower back pain, these have been responding positively to pain management treatment, and while the Debtor will never recover 100% from these ailments, the pain and discomfort are manageable, according to her physician, Dr. Bennet Davis.

The Debtor's medical condition, the reason for her seeking a hardship discharge, is not of a type that will prevent her from working. In fact, although she has had these conditions since she was 17-years old, she has still been able to attend and graduate from a full-time curriculum at the University of Arizona; intentionally hide her condition from Army doctors and enlist in the U.S. Army as a helicopter mechanic,[1] which she felt she could physically perform; and she is currently enrolled as a part-time student in an effort to earn another degree in sign language interpretation. In addition, although she was not offered jobs, she has applied for full-time jobs in retail outlets.

## IV. THE LAW

### A. In General

The Bankruptcy Code only allows for the discharge of student loans if repayment of those loans would constitute an "undue hardship" to the debtor. § 523(a)(8).[2] The Code does not define "undue

---

[1] She was discharged after seven months due to an unrelated hip fracture suffered in basic training.

[2] Section 523(a)(8) states in pertinent part:

(a)   A discharge under section 727...of this title does not discharge an individual debtor from any debt--

....

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit,

hardship." The Ninth Circuit has adopted a three-part test:

> First, the debtor must establish "that she cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans...."
>
> Second, the debtor must show "that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans...."
>
> The third prong requires "that the debtor has made good faith efforts to repay the loans...."

*In re Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998) (citing *In re Brunner*, 831 F.2d 395, 396 (2d Cir. 1987); *In re Nys*, April 26, 2006 (9th Cir.).

Thus, in order for a guaranteed student loan to be dischargeable under 11 U.S.C. § 523(a)(8), the court must be convinced, by a preponderance of the evidence, that the claimed hardship is not "garden variety," but is enduring, persistent and such that repayment will impair a person's minimal standard of living for the foreseeable future. *In re Pena*, 155 F.3d 1108 (9th Cir. 1998). In fact, the Ninth Circuit's Bankruptcy Appellate Panel held, in *In re Nascimento*, 241 B.R. 440, 444 (9th Cir. BAP 1999):

> The first prong of the Brunner Test requires more than a showing of tight finances. In defining undue hardship, courts require more than temporary financial adversity but typically stop short of utter hopelessness. The proper inquiry is whether it would be 'unconscionable' to require the Debtor to take steps to earn more income or reduce [the Debtor's] expenses.

Plaintiff bears the burden of proof, by a preponderance of the evidence, that she is entitled to a discharge of her student loans. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991); *accord, Nascimento*, 241 B.R. 440, 444 (9th Cir. BAP 1999). The Debtor must,

---

> scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523.

therefore, satisfy all three elements of the *Pena* test before a student loan can be discharged. *Id.; In re Strauss*, 216 B.R. 638, 641 (Bankr. N.D. Cal. 1998) (each prong must be proven separately). Failure to prove any of the three prongs will defeat a debtor's case.

In weighing each of the three factors, should the court find that the Debtor is incapable of repaying the entire loan, the court may determine how much repayment a Debtor can afford, and structure such a reduced payment in order to accomplish some return on the indebtedness. *Saxman v. Educ. Credit Mgmt. BJR Corp. (In re Saxman)*, 325 F.3d 1168 (9th Cir. 2003).

Simply put, the *Pena* test does not require the Debtor to "live in abject poverty, but nonetheless "safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education . . . to dismiss their obligation merely because repayment . . . would require some major personal and financial sacrifices." *In re Faish*, 72 F.3d 298, 305-06 (3rd Cir. 1995).

Congress enacted § 523 (a)(8) in order to "ensure that education loans extended by or with the aid of a governmental unit or nonprofit institution solely on the basis of the student's future earnings potential could not be discharged by recent graduates who would then pocket all future benefits derived from their education." *In re Roe*, 226 B.R. 258, 268 (Bankr. N.D. Ala. 1998); *In re Merchant*, 958 F.2d 738, 740 (6th Cir. 1992) (citing H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 466-75, reprinted in 1978 U.S.C.C.A.N. 5787).

## V. APPLICATION OF LAW TO THE FACTS

With respect to the first prong of the Ninth Circuit's *Pena* test, current low income, the court finds in favor of the Debtor. Clearly she cannot, due to her current finances, afford to repay any sums toward student loan payment.

As for the second prong, however, the court finds and concludes that the Debtor's current financial condition has a bright side. She is well enough to pursue a degree in a second career, and still

Case 4:05-ap-00134-JMM    Doc 43    Filed 05/03/06    Entered 05/03/06 15:19:54    Desc
Main Document    Page 6 of 8

has the ability to teach in her chosen field, perhaps as a high school biology teacher, due to her college degree. Even if she becomes a sign language interpreter, the court was not convinced, by a preponderance of the evidence, that she would not be able to make an adequate income to support herself and her child, and repay her student loans over time.

Touching upon the third prong, the court finds that the Debtor has made good faith efforts to repay the student loans, albeit seeking and receiving forbearances. This record would support that the Debtor acknowledged her obligations and kept in communication with the lender, informing it of her status through the years.

Finally, the court notes, as in many of these cases, collection is the real issue, not ability to pay. As for this practical side, the Debtor should be aware, and take advantage of, some of the repayment options offered by the lender to best manage a reasonable repayment schedule within her means. This will enable her to relieve the stress associated with this debt (which will assist in ameliorating her medical "flare-ups"), and put her on a predictable budget.

Due to the totality of the evidence, the court cannot conclude that this case is one deserving of either complete, or even partial, discharge.

## VI. RULING

According, the Plaintiff's case shall be dismissed, with prejudice, and judgment shall be entered for the Defendant.

| | |
|---|---|
| 1 | A separate judgment will be entered simultaneously with the issuance of this |
| 2 | Memorandum Decision. FED. R. BANK. P. 9021. |
| 3 | |
| 4 | DATED: May 3, 2006. |
| 5 | |
| 6 | |
| 7 | JAMES M. MARLAR<br>UNITED STATES BANKRUPTCY JUDGE |
| 8 | COPIES served as indicated below this 3<br>day of May, 2006, upon: |
| 9 | |
| 10 | Madeleine C. Wanslee and Raul Abad<br>Gust Rosenfeld, PLC.<br>201 E. Washington, #800 |
| 11 | Phoenix, AZ 85004-2327<br>Email: mwanslee@gustlaw.com |
| 12 | Email: rabad@gustlaw.com |
| 13 | Jonathan M. Saffer, Ryan Kretschmer and<br>David Hindman |
| 14 | Snell & Wilmer, L.L.P.<br>One South Church Avenue, Suite 1500 |
| 15 | Tucson, Arizona 85701-1630<br>Email jmsaffer@swlaw.com |
| 16 | |
| 17 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 18 | U.S. Mail |
| 19 | |
| 20 | By /s/ M. B. Thompson<br>    Judicial Assistant |